IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| THE POINTE APARTMENTS,<br><br>    Plaintiff,<br><br>    v.<br><br>CARYL TOWNS, *and all other occupants*,<br><br>    Defendant. | CIVIL ACTION FILE NO.<br>1:17-CV-04483-AT-CMS<br><br>Removed from the Magistrate Court of DeKalb County, Georgia<br><br>Case No. 17D27590 |

## **FINAL REPORT AND RECOMMENDATION**

## **AND ORDER**

This matter is before the Court on the affidavit and request to proceed *in forma pauperis* ("IFP") filed by defendant Caryl Towns ("Towns"). (Doc. 1). Towns, who is proceeding without counsel, seeks to remove this dispossessory action to federal court from the Magistrate Court of DeKalb County, Georgia, based upon her assertion of certain defenses, including violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, the Uniform Commercial Code, and the Fourteenth Amendment to the United States Constitution. (Doc. 1-1 at 1-2; Doc. 1-2 at 2).

After consideration by the Court of Towns's affidavit of indigency only, her request to proceed IFP is hereby **GRANTED** pursuant to 28 U.S.C. § 1915(a). However, because this Court does not have original jurisdiction over the claim made in state court, I **RECOMMEND** that this action be **REMANDED** to the Magistrate Court of DeKalb County, Georgia for lack of subject matter jurisdiction.

## I. DISCUSSION

Pursuant to 28 U.S.C. § 1447(c), this court must remand any action that has been improperly removed if the court lacks subject matter jurisdiction:

> If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.

28 U.S.C. § 1447(c).

Accordingly, the Court must examine Towns's notice of removal to determine whether there is a proper basis for removal. In order for removal to be proper, Towns must demonstrate that the action is based on diversity jurisdiction, or that the action contains one or more claims arising under the Constitution, treaties, or laws of the United States. 28 U.S.C. §§ 1441(a) & (b), 1331(a), 1332. In other words, a federal district court must have original jurisdiction over the initial action. 28 U.S.C. § 1441(a). The statute is strictly construed, requiring remand to state court if any doubt exists over whether removal was proper. Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 104

AO 72A
(Rev.8/82)

(1941). The party seeking removal bears the burden to establish federal jurisdiction. Friedman v. New York Life Ins. Co., 410 F.3d 1350, 1353 (11th Cir. 2005).

Towns appears to be attempting to remove this action to this Court on the basis of federal question jurisdiction. The presence or absence of federal question jurisdiction is governed by the "well-pleaded complaint" rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. See Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987) (citing Gully v. First Nat'l Bank, 299 U.S. 109, 112-13 (1936)).

Here, the action instituted by the plaintiff, The Pointe Apartments, in the Magistrate Court of DeKalb County appears to be a dispossessory action seeking possession of the premises for overdue rent. (Doc. 1-1 at 3, "Dispossessory Warrant"). Under the well-pleaded complaint rule, there is no indication that the state court proceedings contain a federal question. Towns may not invoke federal question jurisdiction solely on the basis of a defense or counterclaim based on federal law. See Caterpillar, 482 U.S. at 393; Jefferson County, Ala. v. Acker, 527 U.S. 423, 431 (1999).

It is also apparent that no diversity jurisdiction exists. Pursuant to 28 U.S.C. § 1332, federal district courts have original jurisdiction for all civil actions where the amount in controversy exceeds $75,000 and is between citizens of different states. See id.

3

The pleadings indicate that the plaintiff seeks possession of the premises against the defendant. With respect to the calculation of the amount in controversy when the dispute involves a dispossessory proceeding, this court has held "as a matter of law, that a claim seeking only ejectment in a dispossessory action cannot be reduced to a monetary sum for purposes of determining the amount in controversy." Novastar Mortgage, Inc. v. Bennett, 173 F. Supp. 2d 1358, 1361-62 (N.D. Ga. 2001). Thus, there is no monetary amount in controversy for dispossessory actions where the plaintiff is seeking only equitable relief from the court to gain possession of real property. See id.

Even assuming that the amount in controversy involves the amount entered on the Dispossessory Warrant (*i.e*., past due rent in the amount of $1125.00; a $100.00 late fee; $110.00 in utility fees; court costs of $86.50, and $113.50 in attorney's fees), Towns has failed to show that the amount in controversy exceeds $75,000.00 and that the action is between citizens of different states.[1]

## II. CONCLUSION

Towns has failed to demonstrate that this court has subject matter jurisdiction over the plaintiff's claim. In addition, Towns's petition for removal is procedurally defective. See 28 U.S.C. § 1446. For the reasons stated, I **RECOMMEND** that this action be **REMANDED** to the Magistrate Court of DeKalb County, Georgia for lack of subject

---

[1] The civil cover sheet that Towns completed indicates that both plaintiff and defendant are citizens of the State of Georgia. (Doc. 1-3 at 1).

4

AO 72A
(Rev.8/82)

matter jurisdiction.  Towns's request to proceed IFP (Doc. 1) is **GRANTED** solely for the purpose of remand.

      **IT IS SO RECOMMENDED AND ORDERED**, this 13th day of November, 2017.

                                                _____
                                                CATHERINE M. SALINAS
                                                UNITED STATES MAGISTRATE  JUDGE

AO 72A
(Rev.8/82)